IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID M. OBERTHALER, | : | CASE NO.: 5:08CV1613 |
| | : | |
| Plaintiff, | : | JUDGE SARA LIOI |
| | : | |
| v. | : | |
| | : | **DEFENDANT, STOKES STEEL** |
| AMERISTEP CORPORATION, et. al., | : | **TREATING'S REPLY BRIEF IN** |
| | : | **SUPPORT OF ITS MOTION FOR** |
| Defendants. | : | **CONFIDENTIAL DISCLOSURE OF** |
| | : | **SETTLEMENT AMOUNTS** |
| | : | |

    Now comes the duly captioned Defendant in the within proceeding, Stokes Steel Treating ("Defendant"), by and through its counsel, Harry A. Tipping and Brian J. Seitz of the firm Stark & Knoll Co., L.P.A., and in accordance with the Federal Rules of Procedure and the Local Rules of this Court, respectfully submits its Reply Brief in Support of its Motion for the Confidential Disclosure of the amount of settlement received from the settling defendants in the within proceeding (i.e. Ameristep, Gander Mountain and Hindley Manufacturing) which occurred per Plaintiff's Status Report on March 9, 2010.

    As is more fully set forth below in the memorandum in support attached hereto, the final settlement agreements of the other parties to this case are relevant and discoverable; the settlement agreements themselves are not privileged; and the parties designation of the settlement agreements as confidential is not binding upon the Court and cannot shield the settlement agreements from discovery. Accordingly, the Court should order disclosure of the requested settlement agreements.

Respectfully submitted,

\_\_\_/s/ Harry A. Tipping_____
HARRY A. TIPPING (0011206)
BRIAN J. SEITZ (0076634)
STARK & KNOLL CO., LPA
Attorneys for Defendant, Stokes Steel Treating
3475 Ridgewood Road
Akron, OH 44333-3163
Phone:  330-376-3300 / Fax:  330-376-6237
htipping@stark-knoll.com
bseitz@stark-knoll.com

## MEMORANDUM IN SUPPORT

### I.  INTRODUCTION

Pursuant to the Court's March 22, 2010 Order, Defendant is supplementing its Motion for the Confidential Disclosure of the Settlement Amounts in the present case.  As is set forth below, the requested settlement amounts are not privileged from discovery.  Moreover, the parties' designation of the settlement agreements as "confidential" does not bind the Court, and the parties' cannot shield these otherwise discoverable documents from discovery by simply designating the settlement agreements as confidential.  Finally, the document is relevant to the continued prosecution of this case, and at trial.  According, the Court should order disclosure of the requested settlement amounts and agreements.

### II.  LAW AND ARGUMENT

#### 1. The requested settlement amounts are not privileged from discovery.

The Sixth Circuit Court of Appeals recognizes a "settlement privilege." *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 980-81 (6th Cir 2003).  Pursuant to this privilege, only communications in negotiation of the settlement are privileged from disclosure.  *See id.*; *Grupo Condumex, S.A. DE C.V. v. SPX Corp.*, 331 F.Supp.2d 623, 629 (N.D.

2

Ohio 2004). "However, this privilege does not extend beyond actual negotiations to the terms of the final agreement." *QSI-Fostoria, D.C., LLC v. BACM 2001-1 Central Park West, LLC*, Case No. 3:02 CV 07466, 2006 WL 2010791, * 2 (N.D. Ohio, 2006) (citing *Grupo Condumex*, 331 F.Supp.2d at 629). The rationale for this rule is simple. A party cannot be dissuaded from settling by threat that the settlement negotiations will haunt them at trial if that party has already settled. *See Tribune Co. v. Purcigliotti*, 93 Civ. 7222, 1996 WL 337277, * 3 (S.D.N.Y., 1996) ("Britton has consummated his agreement with the plaintiffs. He therefore cannot be discouraged from settling by the fear that his settlement will come back to haunt him before a jury.")

In the present case, Defendant has not requested information relative to the negotiation of the subject settlements. Rather, here, Defendant has sought only disclosure of the terms of the settlements themselves. The terms of the final settlement agreements are not privileged and should, therefore, be disclosed. *See QSI-Fostoria*, 2006 WL 2010791, * 2.

**2.  The fact that the parties have agreed to keep the settlement agreements confidential is irrelevant to whether the settlement agreements are discoverable in litigation.**

"Confidentiality clauses in private settlement agreements cannot preclude a court-ordered disclosure pursuant to a valid discovery request." *In re Enron Corp. Securities, Derivative & ERISA Litigation*, 623 F.Supp.2d 798, 838 (S.D.Tex., 2009); *Magnaleasing, Inc. v. Staten Island Mall*, 76 F.R.D. 559, 562 (D.C.N.Y. 1977) (confidentiality provision in agreement does not preclude discovery). "The mere fact that the [parties] designated their . . . agreement as confidential does not shield it from discovery." *LaForest v. Honeywell Internat'l Inc.*, Case No. 03-CV-6248T, 2004 WL 1498916, * 7 (W.D.N.Y., 2004); *accord Tribune Co.*, 1996 WL 337277, * 3 ("[T]he mere fact that the settling parties agreed to maintain the confidentiality of their agreement cannot serve to shield it from discovery.")

3

In the present case, the parties claim to have made a "confidential" settlement agreement. *See* Brief in Opp. of Ameristep and Gander Mountain at 1. However, their designation of the agreements as confidential has no applicability to Defendant or this Court, and such a designation cannot thwart an otherwise valid discovery request. *See In re Enron Corp. Securities, Derivative & ERISA Litigation*, 623 F.Supp.2d at 838; *Magnaleasing*, 76 F.R.D. at 562; *LaForest*, 2004 WL 1498916, * 7; *Tribune Co.*, 1996 WL 337277, * 3. Accordingly, the alleged "confidential" nature of the settlement agreements is immaterial and irrelevant to the Court's inquiry under this Motion. The parties' interests herein can be adequately protected by the issuance of a protective order, which Defendant has already agreed to. Thus, the Court should order disclosure of the requested settlement amounts.

### 3. The requested settlement amounts are relevant and discoverable in the present case.

Pursuant to Civil Rule 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . .. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. Proc. 26(b)(1). Moreover, although settlement information is not admissible at trial to establish liability or lack thereof, it is admissible for other purposes, such as to establish bias. Fed. R. Evid. 408.

Courts have recognized that evidence of other settlements in a case is relevant to the parties when considering whether to pursue a case to trial. *See e.g.*, *QSI-Fostoria*, 2006 WL 2010791, * 2. Here, Judge Carr aptly recognized that "[t]he civil rules work to eliminate the 'sporting theory of justice.'" *Id.* (quoting *Brown Badgett, Inc. v. Jennings*, 842 F.2d 899, 902 (6th Cir., 1988)). As a result, settlement amounts are relevant to whether it is financial justifiable

4

to continue to pursue litigation. *Id*. Moreover, disclosure of settlements in a matter furthers judicial economy by encouraging resolution of the litigation. *See id*.

In the present case, Defendant has sought discovery of the subject settlement amounts to evaluate its own potential settlement in this matter. The information in this case is necessary to assess the financial viability of moving forward to trial on this matter, versus settling the matter for an amount commensurate with Defendant's alleged proportion of contributory fault with respect to the other defendants herein. These settlement amounts are discoverable for this purpose. *See id*.

Moreover, the settlement amounts and terms of the settlement agreement are discoverable for impeachment purposes. *See* Fed. R. Evid. 408. At trial in this case, Defendant anticipates either calling the other defendants in this case as witnesses itself, or addressing these witnesses on cross examination if Plaintiff calls them as witnesses. In either case, their testimony is relevant to Defendant's proportionate share of contributory fault, if any. In such an instance, the settlement agreements and amounts will be relevant for impeachment purposes. For example, the parties could have settled for lesser amounts in exchange for the other defendants' cooperation at trial in this matter. Such is clearly relevant to a witness's veracity. *See Tribune Co.*, 1996 WL 337277, * 2 ("Defendants theorize that plaintiffs may have agreed to dismiss Britton from the case in exchange for his testimony about certain matters in dispute. The settlement agreement is therefore relevant to his motivation for testifying.")

As a result, the settlement agreements are relevant both to allow Defendant to properly evaluate settlement in this case and for impeachment purposes. Accordingly, the Court should order disclosure of the settlement amounts and agreements in this case. As Defendant previous

5

articulated, it is willing to enter a protective order relative to the confidentiality of these agreements proscribing their use and disclosure outside this litigation.

## III. CONCLUSION

Accordingly and for the foregoing, Defendant, Stokes Steel Treating, respectfully requests that the Court orders disclosure of the settlement amounts and agreements between the Plaintiff and the settling defendants in this case.

Respectfully submitted,

\_\_\_/s/ Harry A. Tipping_____
HARRY A. TIPPING (0011206)
BRIAN J. SEITZ (0076634)
STARK & KNOLL CO., LPA
Attorneys for Defendant, Stokes Steel Treating
3475 Ridgewood Road
Akron, OH 44333-3163
Phone:  330-376-3300 / Fax:  330-376-6237
htipping@stark-knoll.com
bseitz@stark-knoll.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing *Defendant, Stokes Steel Treating's Reply Brief in Support of its Motion for Confidential Disclosure of Settlement Amounts,* was electronically filed via this Court's ECF electronic filing server and was served by notification this 29th day of March, 2010 via the Court's electronic notification system upon the following parties:

David M. Paris, Esq.
Ellen M. McCarthy, Esq.
Nurenberg, Paris, Heller & McCarthy
1370 Ontario Street, Suite100
Cleveland, Ohio 44113
*Counsel for Plaintiff*

Thomas S. Mazanec, Esq.
Elaine TSO, Esq.
Mazanec, Raskin, Ryder & Keller Co., L.P.A.
100 Franklin's Row
34305 Solon Road
Cleveland, Ohio 44139
*Counsel for Defendant, Hindley Manufacturing Co., Inc.*

Mark A. Greer, Esq.
Michael J. Pike, Esq.
Gallagher Sharp
Sixth Floor Bulkley Building
1501 Euclid Avenue
Cleveland, Ohio 44115
*Counsel for Defendant, Mid-State Plating Company*

Daniel R. Haude, Esq.
Reminger Co., L.P.A.
101 Prospect Avenue, West, Suite 1400
Cleveland, Ohio 44115
*Counsel for Defendant, Ameristep Corp. and Gander Mountain*

   /s/ Harry A. Tipping
HARRY A. TIPPING (0011206)
BRIAN J. SEITZ (0076634)
STARK & KNOLL CO., LPA
Attorneys for Defendant, Stokes Steel Treating