**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| DAVID M. OBERTHALER, | ) | CASE NO. 5:08-cv-1613 |
| | ) | |
| Plaintiff, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | |
| AMERISTEP CORPORATION, et al., | ) | MEMORANDUM OPINION AND ORDER |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court upon the motion of Defendant Stokes Steel Treating ("SST") for disclosure of settlement amounts between Plaintiff David Oberthaler and Defendants Ameristep Corporation, Gander Mountain Company, and Hindley Manufacturing Co., Inc. (collectively, the "Settling Defendants"). (Doc. No. 94.) The Settling Defendants have filed oppositions. (Doc. Nos. 95, 96.) SST has filed a reply. (Doc. No. 97.) In light of SST's reply, which advanced arguments not raised in its motion, the Court permitted any party objecting to SST's motion to file a sur-reply on or before April 12, 2010. No party chose to do so. For the following reasons, SST's motion is **GRANTED**.

This is a multi-defendant litigation that began in July 2008. In his complaint, Plaintiff David Oberthaler seeks damages, jointly and severally, from Defendants for injuries suffered during a December 2006 incident involving a tree step. In March 2010, the parties informed the Court that Plaintiff and the Settling Defendants had reached a settlement. On March 10, 2010, during a telephonic status conference, SST requested that Plaintiff disclose the settlement figure such that it could evaluate its own potential settlement in this matter. Plaintiff

declined to disclose the settlement amount absent an order from this Court, citing a confidentiality provision in the settlement agreement. On March 11, 2010, SST filed a motion to disclose the settlement amount. (Doc. No. 94.) On March 18, 2010, the Settling Defendants filed oppositions. (Doc. Nos. 95, 96.) On March 29, 2010, SST filed a reply. (Doc. No. 97.) No party filed a sur-reply, although specifically permitted by the Court to do so. Against this backdrop, this motion is ripe for decision.

In *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976 (6th Cir.2003), the Sixth Circuit addressed "whether communications made in furtherance of settlement negotiations are discoverable by litigants in another action." *Id*. at 979. The Court determined that "a settlement privilege should exist." *Id*. at 981. Nevertheless, in *Goodyear*, the Court recognized a difference between settlement communications and the settlement agreement itself. *Id*. The *Goodyear* opinion, however, applies only to settlement communications. See *Qsi-Fostoria, D.C., LLC v. BACM 2001-1 Cent. Park W., LLC*, No. 02-07466, 2006 U.S. Dist. LEXIS 48245 at * 2 (N.D. Ohio 2006) (*Goodyear* "settlement privilege" protects settlement negotiations from discovery but does not extend to the terms of the final agreement); *Grupo Condumex, S.A. de C. V. v. SPX Corp.*, 331 F.Supp.2d 623, 629 (N.D. Ohio 2004) (stating that settlement agreement is unprotected under *Goodyear*).

Thus, the confidential settlement agreements are not privileged. Further, the agreements are not protected from discovery simply because they have been denominated "confidential" by the parties. "[A] general concern for protecting confidential information does not equate to privilege [. . .]. [I]n the context of settlement agreements the mere fact that settling parties agree to maintain the confidentiality of their agreement does not serve to shield the information from discovery. Simply put, litigants may not shield otherwise discoverable

2

information from disclosure to others merely by agreeing to maintain its confidentiality." *Adams v. Cooper Indus.*, No. 03-476, 2007 U.S. Dist. LEXIS 22199 at *2 (E.D. Ky. March 13, 2007) (quoting *DIRECTV, Inc. v. Puccinelli*, 224 F.R.D. 677, 684-85 (D. Kan. 2004).

Rule 26(b)(1) allows a party to discover unprivileged information relevant to a claim or defense. Accordingly, SST is entitled to the settlement agreement if it is "relevant to the claim or defense of any party [. . .]." FED. R. CIV. P. 26(b)(1). SST contends that "the settlement amounts and terms of the settlement agreement are discoverable for impeachment purposes" and states that it "anticipates either calling the other defendants in this case as witnesses itself, or addressing these witnesses on cross examination if Plaintiff calls them as witnesses."[1] (Doc. No. 97 at p. 5.)

In this case, the Court is persuaded that the settlement amounts[2] may be relevant to SST's claims and defenses. As SST notes, the settlement agreements may be relevant as to the issue of damages. SST speculates, if not theorizes, that "the parties could have settled for lesser amounts in exchange for the other defendants' cooperation at trial in this matter." (Doc. No. 97 at p. 5.) This theory, if true, is clearly relevant to the veracity of potential witnesses in this case.

Moreover, Oberthaler seeks damages for his injuries on a theory of joint and several liability. SST wants to know the amount of the monies recovered by Oberthaler from the Settling Defendants for the additional reason of determining whether it is financially justified, on the part of SST, to continue this litigation. Not only are SST's interests at stake in this regard, but so is the interest of this Court in not having to spend time on unnecessary litigation. *See, e.g.,*

---

[1] For instance, and although not specifically raised by SST, SST would be permitted to discover the existence of a "*Mary Carter*" agreement. Under Ohio law, *Mary Carter* agreements are not invalid per se, but are required to be disclosed to codefendants and the jury. *Hodesh v. Korelitz*, 123 Ohio St. 3d 72, 74 (2009) (noting that *Mary Carter* agreements are per se invalid in other states, but holding "we are persuaded that the majority approach, which requires *Mary Carter* agreements to be disclosed to codefendants and the jury, is more reasonable and compatible with Ohio's approach to settlement agreements.")

[2] The Court recognizes that SST is only requesting the settlement amounts and not the settlement agreements.

3

*Qsi-Fostoria, supra.*

For the foregoing reasons, SST's motion is **GRANTED**. Plaintiff shall disclose the settlement amounts to Defendant SST forthwith. Prior to doing so, however, counsel for Plaintiff and counsel for SST shall confer with counsel for the Settling Defendants within seven (7) days of the issuance of this Order to reach agreement as to proper safeguards for maintaining confidentiality of the settlement amounts.

**IT IS SO ORDERED**.

Dated:     April 13, 2010

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

4